UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

**CV 05    847**

ALLEN MEYERS

CIVIL ACTION NO:

Plaintiff,

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.
* FEB 1 4 2005
BROOKLYN OFFICE

**VERIFIED
COMPLAINT**

**JURY TRIAL DEMANDED**

-against-

THE CITY OF NEW YORK, THE
COMMISSIONER OF THE NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY
DETECTIVES WATERS, BRZOSTER,
SANTEFEMIA, SHASTA AND OTHER UN-NAMED
DETECTIVES AND OR POLICE OFFICERS,
THE NEW YORK COUNTY  DISTRICT
ATTORNEYS OFFICE

*DEARIE, J.*

*GOLD, M.J.*

Defendants.

-----------------------------------------------------------------x

The plaintiffs, complaining of the defendants, by their attorneys, DAVIS &

GUGERTY, by  Scott M. Davis, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1.              Jurisdiction is founded upon  the  existence  of a Federal

Question.

2.              This is an action to redress the deprivation under color of

statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured

to plaintiff by the First, Fourth and Fourteenth Amendments to the constitution of the United

States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of New

York.

3.          Jurisdiction is founded upon 28 U.S.C. Sections, 1331, 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

4.          The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

## PARTIES

5.          That the plaintiff ALLEN MEYERS, an African American male, is a citizen of the United States and he is a resident of Queens County, State of New York.

6.          Upon information and belief, that at all times hereinafter mentioned, the defendant CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.          Upon information and belief, that at all times hereinafter mentioned, the defendant CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, including all the police officer thereof.

8.          Upon information and belief, that at all times hereinafter mentioned, and on or about November 16, 2003, defend DETECTIVES WATERS, BRZOSTER, SANTEFEMIA, SHASTA AND OTHER UN-NAMED DETECTIVES AND OR POLICE OFFICERS , were employed by the defendant, the CITY OF NEW YORK, as police officers.

9.          The defendant, NEW YORK CITY POLICE DEPARTMENT, is

a local governmental agency, duly formed and operating under and by virtue of the Laws

and Constitution of the State of New York and, as such, is responsible for the policies,

practices and customs of the NEW YORK CITY POLICE DEPARTMENT as well as the

hiring, screening, training, supervising, controlling and disciplining of its police officers and

civilian employees.

10.          This action arises under the United States Constitution,

particularly under provisions of the First, Fourth and Fourteenth Amendments of the

Constitution of the United States, and under federal law, particularly the Civil Rights Act,

Title 42 of the United States Code, Section 1983 and the rights under the Constitution and

laws of the State of New York.

11.          Each and all of the acts of the defendants alleged herein were

done by the defendants, their agents, servants and employees, and each of them not as

individuals, but under the color and pretense of the statutes, ordinances, regulations,

customs and usages of the State of New York, the City of New York , and under the

authority of their office as police officers of said state, county and city.

## PENDENT STATE CLAIMS

12.          That Notice of the Plaintiffs' Claim and Notice of Intention to

Sue for Damages for unlawful seizure, false arrest and imprisonment, violation of civil

rights, negligence in hiring and retaining, negligence in performance and negligence in

training and supervising, the nature of the claim and the date of, the time when, the place

where and the manner in which the claim arose was duly served upon the Comptroller of

the defendant CITY OF NEW YORK on or about the 22nd day of January, 2004.

13.            That a 50-H hearing was held pursuant to Sec. 50-H of the General Municipal Law on March 14, 2004.

14.            That more than thirty (30) days have elapsed since the Notice of Claim and Intention to Sue has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

15.            That this action is commenced within one (1) year and ninety (90) days after the cause of action arose.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ALLEN MEYERS

16.            The plaintiff ALLEN MEYERS repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "15" with the same force and effect as if more fully set forth herein.

17.            That on or about the 16th day of November, 2003 at or about 3:00 P.M. of that day, at 110-17 Jamaica Avenue, Jamaica, New York, Queens County, in the City and State of New York, the defendants, their agents, servants and employees wrongfully and falsely arrested, imprisoned and detained plaintiff ALLEN MEYERS without any right or grounds therefor.

18.            That on or about November 16, 2003 the defendants wrongfully and falsely accused the plaintiff, ALLEN MEYERS, of the crimes of Robbery in the First Degree (PL §160.15 (4) and Grand Larceny in the Third Degree (PL §155.35)

19.            That the said detention, arrest and imprisonment was caused

by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff, ALLEN MEYERS, was in fact guilty of such crimes.

20.     That on the aforesaid date, time and place, the plaintiff ALLEN MEYERS, who was lawfully and properly inside of his home with his children and the mother of his children, when the defendant Police Officers attempted to enter said home by banging on the front door. Said members of the New York City Police Department, were refused entry by the claimant. Unknown police officers continued to bang on the front door indicating that they wished to question Mr. Meyers about a Robbery which allegedly occurred in August 2001. After a period of time the members of the New York City Police Department left the location and provided a telephone number for the claimant to call.

21.     During the course of this interaction the front door to claimant's residence sustained significant damage. Claimant and his family were frightened and concerned for their well being. Subsequently, Mr. Meyers went to the 11th precinct, where he was arrested and imprisoned. The defendants, their agents, servants and employees, wrongfully and unlawfully, against the plaintiff's wish, without probable cause, and on the false accusations, then made, that plaintiff ALLEN MEYERS was violating New York State Penal Law §§ 160.15 and 155.35.

22.     That the defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff ALLEN MEYERS, even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that

the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff ALLEN MEYERS directed that the plaintiff ALLEN MEYERS be searched and placed in confinement at said location.

23.     That the plaintiff ALLEN MEYERS was wholly innocent of said criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

24.     That as a result of the aforesaid accusations made by defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the Criminal Court of the City of New York, New York County and to be arraigned on or about the 18th day of November, 2003, on the charge of PL §160.15 (Robbery in the First Degree),  PL §155.35 (Grand Larceny in the Third Degree).

25.     That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to confine the plaintiff ALLEN MEYERS in that the plaintiff ALLEN MEYERS was conscious of the confinement; plaintiff ALLEN MEYERS did not consent to the confinement; and, that the confinement was not otherwise privileged.

26.     That by reason of the false arrest, imprisonment and detention of the plaintiff ALLEN MEYERS, he was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes and greatly

injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

   27.   That by reason of the aforesaid, the plaintiff ALLEN MEYERS has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF ALLEN MEYERS**

   28.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "27" with the same force and effect as if more fully and at length set forth herein.

   29.   That the defendant, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT were careless and reckless in hiring and retaining as and for its employees, the above named individuals DETECTIVES WATERS, BRZOSTER, SANTEFEMIA, SHASTA AND OTHER UN-NAMED DETECTIVES AND OR POLICE OFFICERS in that the said defendants lacked the experience, deportment and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendant; in that the defendants, the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT failed to investigate the above named defendants'

background and in that they hired and retained as employees of their police department individual who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

30.     That the aforesaid occurrence, to wit: the false arrest and imprisonment, and resulting injuries to mind therefrom, were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the plaintiffs.

31.     That by reason of the aforesaid, the plaintiff ALLEN MEYERS was injured in mind, still suffers and upon information and belief, will continue to suffer mental pain, and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred diverse sums of money in an effort to cure himself of said injuries and to extricate himself from the indignities and humiliation foisted upon him by the action of the defendants, their agents, servants and employees, including counsel fees and upon information and belief, will expend further sums in that direction, and the plaintiffs have been otherwise damaged.

32.     That by reason of the aforesaid, the plaintiff ALLEN MEYERS has each been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS ALLEN MEYERS

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "32" with the same force and effect

as if more fully and at length set forth herein.

           34.             That the defendants, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular the named defendants DETECTIVES WATERS, BRZOSTER, SANTEFEMIA, SHASTA AND OTHER UN-NAMED DETECTIVES AND OR POLICE OFFICERS, in that they failed to train their employees in the proper use of weapons and firearms; in the proper method of restraining a suspect; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officer; failed to give them proper instruction as to their deportment, behavior and conduct as representative of their employers; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

           35.             That the aforesaid occurrence, to wit: the false arrest and imprisonment, and the resulting mental injuries to mind therefrom, were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and employees without any negligence on the part of the plaintiffs.

           36.             That by reason of the aforesaid, the plaintiff was injured in mind and upon information and belief, will continue to suffer mental pain, and he was rendered sick, sore, lame and disabled and so remains, and he was incapacitated and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred diverse sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, including counsel fees, and upon



information and belief, will expend further sums in that direction, and the plaintiff has been

otherwise damaged.

        37.        That by reason of the aforesaid, the plaintiffs have each been

damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF ALLEN MEYERS**

        38.        Plaintiff repeats, reiterates and realleges each and every

allegation contained in paragraphs marked "1" through "37" with the same force and effect

as if more fully and at length set forth herein.

        39.        That the defendants, its agents, servants and employees

negligently, carelessly and recklessly performed their police duties in that they failed to use

such care in the performance of their police officer would have used under similar

circumstances in that they carelessly, recklessly and negligently arrested the plaintiffs

without making a proper investigation, in that they were negligent, careless and reckless

in the manner in which they operated, controlled and maintained the said arrest of the

plaintiffs.

        40.        That the aforesaid occurrence, to wit:  the false arrest and

imprisonment and the resulting injuries to mind therefrom, were caused wholly and solely

by reason of the negligence of the defendants, its agents servants and employees without

any negligence on the part of the plaintiff.

        41.        That by reason of the aforesaid, the plaintiff was injured in mind

and, still suffer and upon information and belief, will continue to suffer mental pain, and he

was rendered sick, sore, lame and disabled and so remain, and he was incapacitated, and will, upon information and belief, be so incapacitated in the future, and he will have expended and incurred diverse sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees; including counsel fees; and upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

42.     That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ALLEN MEYERS

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "42" with the same force and effect as if more fully and at length set forth herein.

44.     That on or about the 16th day of November 2003, at or about approximately 3:00 P.M. of that day, while the plaintiff was lawfully and properly at the residence at 110-17 Jamaica Avenue, in the County of Queens, City and State of New York, and at subsequent times thereafter, including but not limited to the 11th police precinct, Central Booking and a detention cell at the Criminal Court Building located in New York County, New York, the defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff, without any just right or grounds therefor.

45.      That the plaintiff, ALLEN MEYERS was and is wholly innocent, and was forced by the defendants to submit to court proceedings.

46.      That on or about the 17th day of October, 2003, before a Judge of the Criminal Court of the City of New York, and on various other dates before judges of the Criminal Court, New York County, the defendants, their agents, servants and employees falsely and maliciously and without probable cause or provocation charged the plaintiff ALLEN MEYERS with crimes and offenses under the New York Penal Law.

47.      That the defendants, their agents, servants and employees acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before Judges of the Criminal Court of the City of New York, in the County of Kings.

48.      That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefor.     That the commencement and continuation of the criminal proceedings by the defendants against the plaintiff ALLEN MEYERS was without probable cause and with actual malice.

49.      That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the said

plaintiff ALLEN MEYERS has been otherwise damaged.

          50.         That by reason of the aforesaid, the plaintiff has each been damaged in the sum of ONE MILLION ($1,000.000.00) DOLLARS.

### AS AND FOR A SIX CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ALLEN MEYERS

          51.         Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "50" with the same force and effect as if more fully and at length set forth herein.

          52.         That on or about the 16th day of November 2003, at approximately 3:00 P.M. of that day, plaintiff ALLEN MEYERS was lawfully and properly on or about his residence at 110-17 Jamaica Avenue, County of Queens, City and State of New York, at which time and place defendants then and there were present as part of their regular and official employment as police officers for the defendants, the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

          53.         Immediately thereafter Mr. Meyers was advised to come to the 11th precinct wherein, the defendants falsely arrested and imprisoned the plaintiff ALLEN MEYERS and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York and handcuffed him .

          54.         In that all of the actions of the defendants, their agents, servants and employees, were committed with the intention to cause mental injury to the plaintiff ALLEN MEYERS to arrest, restrain and imprison the plaintiff ALLEN MEYERS without his consent, the plaintiff was at all times conscious of his arrest, did not consent

to the false arrest and the false arrest and imprisonment was not otherwise privileged; and,

55.       The arrest and imprisonment was not justified by probable cause or other legal privilege; defendants, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said City, falsely charged the plaintiff ALLEN MEYERS with violating the aforesaid sections of the Penal Law although the defendants, acting in such capacity knew that such charges were false; and

56.       That the defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior, and the performance of the defendants, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including plaintiffs and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants; and,

57.       The failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including

plaintiffs; and,

   58.   Due to the acts of the defendants, their agents, servants and employees herein, the failure of the CITY OF NEW YORK to discipline and properly hire the defendants and the continued employment of the defendants present a clear and present danger to the citizens of the City and State of New York; and,

   59.   That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefor. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff ALLEN MEYERS was without probable cause with actual malice; and,

   60.   That the defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named plaintiff; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Kings, and under the authority of their office as police officers for said city and county,

   61.   Neither the plaintiff ALLEN MEYERS nor his agents, servants and employees committed, either before or at the time he was falsely arrested and imprisoned, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Sec. 1983 and the Constitution

of the State of New York, any illegal act.

62.     As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, plaintiff ALLEN MEYERS was falsely arrested and imprisoned, maliciously prosecuted  and compelled to be arraigned and appear in Criminal Court in the City of New York, County of Kings and to undergo a criminal proceeding which was dismissed after he elected to testify before the Grand Jury.

63.     That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendant CITY OF NEW YORK and were acting under the color of their official capacity and their acts were performed under the color of policies, statutes, ordinances, rules and regulations of the CITY OF NEW YORK.

64.     That at all time hereinafter mentioned, defendants, DETECTIVES WATERS, BRZOSTER, SANTEFEMIA, SHASTA AND OTHER UN-NAMED DETECTIVES AND OR POLICE OFFICERS, were acting pursuant to orders and directives from the defendant CITY OF NEW YORK.

65.     That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of law, to wit:  under color of statutes, ordinances, regulations, customs and usages of the CITY OF NEW YORK and the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff ALLEN MEYERS and deprived plaintiff of rights secured by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

66.     The Police Officers of the defendant CITY OF NEW YORK and

its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiffs, acting under color of law, have subjected plaintiff ALLEN MEYERS, and other persons to a pattern of conduct consisting of illegal harassment, false imprisonments and arrests and malicious prosecution at the time said persons were lawfully and properly on the public streets or in their residences in the County of Queens, City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff ALLEN MEYERS, and other citizens by the Constitution of the United States.

67. This systematic pattern of conduct consists of a large number of individual acts of intimidation, false arrest and false imprisonment and malicious prosecution visited on plaintiff ALLEN MEYERS and other citizens by members of the police department of defendant CITY OF NEW YORK, acting in concert with persons unknown to plaintiffs and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

68. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant CITY OF NEW YORK, has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiffs or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

69. The unlawful and illegal conduct of the defendants, their agents,

servants and employees and each of them, deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and of the State of New York.

70.        The right of plaintiff ALLEN MEYERS to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and

71.        The right of plaintiff ALLEN MEYERS to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and

72.        The right of plaintiff ALLEN MEYERS not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

73.        That by reason of the aforesaid violations, false arrest and false imprisonment and malicious prosecution caused by the defendants, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff ALLEN MEYERS and compel him to abandon his rights and privileges as provided to him by the Constitution of the United States of America, and provided to him in the Constitution of the State of New York, and laws related thereto, the defendants, their agents, servants and employees violated 42 U.S.C. Sec. 1983 in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the CITY OF NEW YORK, a citizen of the United States or other persons within the jurisdiction, particularly the plaintiff ALLEN MEYERS

thereof to be deprived of his rights, privileges or immunities received by the Constitution and laws of the United States of America and the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in  character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the plaintiff ALLEN MEYERS.

74.        That by reason of the aforesaid false imprisonment, malicious prosecution and deprivation of his    rights and liberties as guaranteed by the aforementioned Constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the plaintiff ALLEN MEYERS suffered great mental injury as described herein above.


75.        That by reason of the aforesaid, the plaintiff ALLEN MEYERS requests the following relief:

76.        Compensatory damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

77.        Punitive damages;

78.        An award of reasonable attorneys' fees, costs and disbursements;

79.        Plaintiffs request a trial by jury of all issues involved in this complaint;

80.          Such other and further relief as this Court may deem just, and proper under the circumstances.

WHEREFORE, plaintiffs each demand judgment against the defendants as follows:

On the First Cause of Action................$1,000,000.00

On the Second Cause of Action............$ 1,000,000.00

On the Third Cause of Action................$ 1,000,000.00

On the Fourth Cause of Action..............$ 1,000,000.00

On the Fifth Cause of Action.................$ 1,000,000.00

On the Sixth Cause of Action................$ 1,000,000.00

Dated:    Forest Hills, New York
          February 11, 2005

                                        Yours, etc.,

                                        Scott M. Davis, ESQ. for
                                        DAVIS & GUGERTY
                                        Attorney for Plaintiff
                                        Office & P. O. Address
                                        118-35 Queens Boulevard
                                        Suite 1500
                                        Forest Hills, New York 11375
                                        (718) 268-2986

## VERIFICATION

STATE OF NEW YORK    )

COUNTY OF QUEENS    )

       **SCOTT M. DAVIS**, an attorney duly admitted to practice law in the state of New York, affirms the following under penalty of perjury: I am the attorney for the Plaintiff in this action and I have read this COMPLAINT I know it's content and know that it is true to the best of my knowledge, except as the those matters stated to be upon information and belief, and as to those matters I believe them to be true.

The reason that this Verification is made by me and not the Plaintiff is that the Plaintiff is unavailable.

                         Scott M. Davis, Esq

State of New York )
County of Queens )

       On the 11th day of February, 2005, before me personally came, **SCOTT M. DAVIS, ESQ**, known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

NOTARY PUBLIC

RICHARD M. GUTIERREZ
Notary Public, State of New York
No. 41-4856834
Qualified in Queens County
Commission Expires March 24, 06